UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| SECOR, INC. | : | |

## PLEA AGREEMENT

SECOR, INC. (EIN: 54-1643145) ("SECOR") has entered into a plea agreement with the United States of America, by counsel, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The terms and conditions of this agreement are as follows:

### A. <u>CHARGES TO WHICH SECOR, INC. IS PLEADING GUILTY AND WAIVER OF RIGHTS</u>

#### 1. <u>The Charges and Potential Punishment</u>

SECOR's attorneys have informed it of the nature of the charge(s) and the elements of the charge(s) that must be proved by the United States beyond a reasonable doubt before it could be found guilty as charged.

SECOR agrees to plead guilty to an Information, which is a charge brought by the United States Attorney as opposed to one returned by a Grand Jury. SECOR is waiving and giving up its right to be charged by Indictment and have a Grand Jury vote on its probable guilt.

SECOR will enter a plea of guilty to Counts 1 and 2 of the Information.

Count 1 charges SECOR with making a materially false, fictitious, and fraudulent statement or representation in a matter within the jurisdiction of the executive branch of the Government of the United States, in violation of 18 U.S.C. § 1001. SECOR understands, and the parties agree and stipulate, the maximum statutory penalty is a fine of $500,000, pursuant to Title 18, United States Code, Section 3571(c), and a period of

*Defendant's Initials:* ⟨MSJ⟩

probation of not less than one nor more than five years, pursuant to Title 18, United States Code, Section 3561(c)(1). In addition, SECOR's assets are subject to forfeiture. SECOR understands fees may be imposed to pay for probation and there will be a $400 special assessment for Count One, pursuant to Title 18, United States Code, Section 3013(a)(2)(B). SECOR's attorneys have informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before SECOR could be found guilty as charged.

Count 2 charges SECOR with wire fraud, in violation of 18 U.S.C. § 1343. SECOR understands, and the parties agree and stipulate, the maximum statutory penalty is a fine of $500,000, pursuant to Title 18, United States Code, Section 3571(c), and a period of probation of not less than one nor more than five years, pursuant to Title 18, United States Code, Section 3561(c)(1). In addition, SECOR's assets are subject to forfeiture. SECOR understands fees may be imposed to pay for probation and there will be a $400 special assessment for Count Two, pursuant to Title 18, United States Code, Section 3013(a)(2)(B). SECOR's attorneys have informed it of the nature of the charge and the elements of the charge that must be proved by the United States beyond a reasonable doubt before SECOR could be found guilty as charged.

SECOR admits and agrees that all of the statements and allegations in the Information are true and correct.

SECOR acknowledges SECOR has had all of its rights explained to it. SECOR expressly recognizes that, as a corporation, it may have the following constitutional rights and by voluntarily pleading guilty SECOR knowingly waives and gives up these valuable constitutional rights:

- The right to plead not guilty and persist in that plea.
- The right to a speedy and public jury trial.
- The right to assistance of counsel at that trial and in any subsequent appeal.
- The right to remain silent at trial.
- The right to testify at trial.
- The right to confront and cross-examine witnesses.
- The right to present evidence and witnesses.
- The right to compulsory process of the court.
- The right to compel the attendance of witnesses at trial.
- The right to be presumed innocent.
- The right to a unanimous guilty verdict.

*Defendant's Initials:* _____

- The right to appeal a guilty verdict.

SECOR is pleading guilty as described above because SECOR is in fact guilty and because SECOR believes it is in SECOR's best interest to do so and not because of any threats or promises not set forth in this agreement.

## B. SENTENCING PROVISIONS

### 1. General Matters

The parties agree the 2023 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to my offense(s) unless Congress takes action to prevent the adoption of a 2023 edition, in which case the 2021 edition of the United States Sentencing Guidelines Manual applies to any guidelines calculation made pertaining to my offense(s).

The parties agree and stipulate:

a. the fine shall be $25,000;

b. SECOR shall forfeit $40,000;

c. SECOR shall pay restitution in the amount of $208,105.16, and

d. SECOR shall serve a term of probation of one to five years, as determined by the Court.

The above forfeiture and restitution will be payable jointly and severally with Matthew Castle. The fine will not be payable jointly and severally.

The Court will determine what terms and length of probation are appropriate, and the parties will be free to argue for which terms and length of probation they believe are appropriate. SECOR understands and agrees if its probation is revoked, it may be resentenced and a total aggregate fine up to the statutory maximum may be imposed.

The parties agree if the Court refuses to accept this Plea Agreement or the Plea Agreement of codefendant Matthew Castle, SECOR will be free to withdraw its guilty plea, and the United States will not be bound by any of its obligations under either Plea Agreement. Acceptance of this Plea Agreement by the Court includes acceptance of each of the sentencing provisions and financial obligations described herein.

*Defendant's Initials:* ___msJ___

## 2. **Financial Obligations**

SECOR agrees and understands that any money paid under this plea agreement will not be returned under any circumstances, unless the Court rejects this Plea Agreement and SECOR withdraws its guilty plea. If the Court rejects this Plea Agreement and SECOR withdraws its guilty plea, the United States will return all money paid by SECOR, without interest, not more than thirty (30) days after SECOR withdraws its guilty plea and notifies the United States Attorney's Office for the Western District of Virginia ("USAO"), in writing, it wishes to have the money returned.

In addition, in accordance with 18 U.S.C. § 3572(d)(3), SECOR will notify the Court of any material change in SECOR's economic circumstances that might affect SECOR's ability to pay any amounts payable under this Plea Agreement.

### a. Payments

No later than the earlier of the entry of SECOR's guilty plea or the entry of Matthew Castle's guilty plea, SECOR will make the following disbursements:

   i. $800 in the form of certified funds made payable to the "Clerk, U.S. District Court," in satisfaction of the special assessments;

   ii. $25,000 in the form of certified funds made payable to the "Clerk, U.S. District Court," as payment of the fine;

   iii. $40,000 in the form of certified funds made payable to the "U.S. Marshals Service, Asset Forfeiture Unit," in satisfaction of the forfeiture money judgment; and

   iv. $208,105.16 in the form of certified funds made payable to the "Clerk, U.S. District Court," in satisfaction of the restitution obligation.

### b. Forfeiture

SECOR agrees to the entry of a forfeiture money judgment in the amount of $40,000 in United States currency ("Forfeiture Money Judgment") pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). SECOR agrees that the value of the undelivered services totaled at least $208,105.16 in United States currency.

SECOR acknowledges and agrees the funds that were fraudulently obtained in violation of 18 U.S.C. § 1343 cannot be located upon exercise of due diligence, or have

*Defendant's Initials:* MJC

been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, SECOR agrees the government is entitled to forfeit as substitute assets any other assets of SECOR up to the value of the now missing directly forfeitable assets, pursuant to 18 U.S.C. § 981(a)(1)(C). Payment in full of the Forfeiture Money Judgment shall satisfy any and all forfeiture obligations that SECOR may have as a result of this guilty plea. SECOR consents to the entry of an Order of Forfeiture pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure forfeiting the above-referenced Forfeiture Money Judgment.

SECOR agrees to sign any documentation necessary and to cooperate fully with the United States to accomplish the forfeiture. SECOR agrees to forfeit all interest in these funds and to take whatever steps are necessary to pass clear title of these funds to the United States.

SECOR agrees not to file a claim in any forfeiture proceeding or to contest, in any manner, the forfeiture of said assets. SECOR agrees not to file or interpose any claim or to assist others to file or interpose any claim to any property against which the government seeks to execute the Forfeiture Money Judgement in any administrative or judicial proceeding.

SECOR understands and agrees forfeiture of this property is proportionate to the degree and nature of the offense. SECOR freely and knowingly waives any and all constitutional and statutory challenges to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including, but not limited to, that the forfeiture constitutes an excessive fine or punishment. SECOR further understands and agrees this forfeiture is separate and distinct from, and is not in the nature of, or in lieu of, any monetary penalty or other monetary judgment that may be imposed by the court.

The parties agree that the defendant may, without violating this plea agreement, seek to collect payment for services rendered by SECOR in April 2023 to the Bureau of Prisons. The U.S. Attorney's Office takes no position as to whether any such payment(s) should be made.

## C. ADDITIONAL OBLIGATIONS

Unless the Court rejects this Plea Agreement and, as a result, SECOR withdraws its plea, SECOR agrees to: (1) accept responsibility for its conduct; (2) not attempt to withdraw its guilty plea; (3) not deny it committed the crimes to which it has pled guilty; (4) comply with any reasonable request of the United States Attorney's Office and (5) not make

*Defendant's Initials:* ___

or adopt any arguments or objections to the presentence investigation report that are inconsistent with this Plea Agreement.

SECOR will not (1) make any public statement or (2) make any statement or take any position in litigation in which any United States department or agency is a party, contradicting any statement or provision set forth in the Plea Agreement or its attachments. If SECOR inadvertently makes a public statement that in whole or in part contradicts any such statement or provision, SECOR may avoid being in violation of this Plea Agreement by promptly publicly repudiating such statement. For the purposes of this paragraph, the term "public statement" means any statement made or authorized by SECOR's directors, officers, employees, or attorneys and includes, but is not limited to, a statement in (1) a press release, (2) public relations material, or (3) SECOR websites. Notwithstanding the above, SECOR may avail themselves of any legal or factual arguments available (1) in defending litigation brought by a party other than the United States or (2) in any inquiry, complaint, notice of violation, investigation or proceeding brought by a state entity or by the United States Congress. This paragraph does not apply to any statement made by any individual in the course of any actual or contemplated criminal, regulatory, administrative, or civil case initiated by any governmental or private party against such individual.

SECOR further agrees to cause to be collected and carried away from the U.S. Attorney's Office, not before the date of SECOR's sentencing but no later than two weeks after the later of Matt Castle or SECOR's sentencing, all records subpoenaed from SECOR and/or Matthew Castle during this investigation. If SECOR does not comply with this obligation, the U.S. Attorney's Office may destroy any such records, and SECOR agrees that it will have no objection or recourse regarding any such destruction.

## D. WAIVER OF RIGHT TO APPEAL AND COLLATERALLY ATTACK THE JUDGMENT AND SENTENCE IMPOSED BY THE COURT

SECOR agrees it will not appeal the conviction or sentence imposed. SECOR is knowingly and voluntarily waiving any right to appeal and is voluntarily willing to rely on the Court in sentencing it, pursuant to the terms of Fed. R. Crim. P. 11(c)(1)(C). SECOR expressly waives its right to appeal as to any and all issues in this matter and waives any right it may have to collaterally attack, in any future proceeding, any order issued in this matter, unless such appeal or collateral attack cannot be waived, by law. SECOR understands the United States expressly reserves all of its rights to appeal. SECOR agrees and understands if it files any court document (except for an appeal or collateral attack based on an issue that cannot be waived, by law) seeking to disturb, in any way, any order

*Defendant's Initials:* ⟨nsc⟩

imposed in the case such action shall constitute a failure to comply with a provision of this Plea Agreement.

### E. INFORMATION ACCESS WAIVER

SECOR agrees to waive all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a. However, if a third party obtains any records pertaining to the investigation or prosecution of this case under the Freedom of Information Act, SECOR shall have the right to request copies of such disclosed records.

### F. ADMISSIBILITY OF STATEMENTS

SECOR understands any statements made on its behalf (including, but not limited to, this Plea Agreement and its admission of guilt) during or in preparation for any guilty plea hearing, sentencing hearing, or other hearing and any statements made, in any setting, may be used against SECOR by the United States in this or any other proc]eeding. SECOR knowingly waives any right it may have under the Constitution, any statute, rule, or other source of law to have such statements, or evidence derived from such statements, suppressed or excluded from being admitted into evidence in this or any other proceeding. If, and only if, the Court rejects this Plea Agreement, and, as a result, SECOR withdraws its plea, SECOR will not be bound by the waivers set forth in this section of the Plea Agreement.

### G. LIMITATION OF PLEA AGREEMENT

This Plea Agreement is limited to the United States Attorney's Office for the Western District of Virginia and does not bind any other federal, state, or local authority.

### H. AGREEMENT CONTINGENT ON GUILTY PLEA ENTERED BY MATTHEW CASTLE

SECOR understands the United States entered into this agreement, in part, because of the expense the government was saved by not proceeding to trial. SECOR understands that if Matthew Castle does not enter a guilty plea as agreed to in his plea agreement or if the Court does not accept the plea agreement of Matthew Castle, the United States may declare the plea agreement void. SECOR does not have the right to declare the plea agreement void.

*Defendant's Initials:* MSC

## I. REMEDIES FOR FAILURE TO COMPLY WITH ANY PROVISION OF THIS PLEA AGREEMENT

SECOR understands, agrees, and stipulates if: (1) SECOR attempts to withdraw its plea; (2) SECOR fails to comply with any provision of this Plea Agreement; (3) SECOR's conviction is set aside, for any reason; (4) SECOR fails to execute all required paperwork; and/or (5) the Court rejects the plea agreement, the United States may, at its election, pursue any or all of the following remedies: (a) declare this Plea Agreement void; (b) file, by indictment or information, any charges which were filed and/or could have been filed concerning the matters involved in the instant investigation; (c) refuse to abide by any stipulations and/or recommendations contained in this Plea Agreement; (d) not be bound by any obligation of the United States set forth in this Plea Agreement, including, but not limited to, those obligations set forth in the section of this Plea Agreement titled "COMPLETION OF PROSECUTION;" and (e) take any other action provided for under this Plea Agreement or by statute, regulation or court rule.

SECOR hereby waives its right under Fed. R. Crim. P. 7 to be proceeded against by indictment and consents to the filing of an information against it concerning any charges filed pursuant to this section of this Plea Agreement. SECOR hereby waives any statute of limitations argument as to any such charges. SECOR hereby waives any double jeopardy, speedy trial, or statute of limitations defense it may have as to any reinstated, newly filed, or non- dismissed charges described in this section of this Plea Agreement. SECOR agrees the provisions of this section are contractual obligations between the United States and SECOR and are severable from the plea agreement and survive any Court's rejection of the plea agreement.

The remedies set forth above are cumulative and not mutually exclusive. If the United States pursues any of its permissible remedies as set forth in this Plea Agreement, SECOR will still be bound by its obligations under this Plea Agreement.

## J. EFFECTIVE REPRESENTATION

SECOR has discussed the terms of this Plea Agreement and all matters pertaining to the charges against it with its attorneys and is fully satisfied with its attorneys and its attorneys' advice. At this time, SECOR has no dissatisfaction or complaint with its attorneys' representation. SECOR agrees to make known to the Court no later than at the time of sentencing any dissatisfaction or complaint SECOR may have with its attorneys' representation.

*Defendant's Initials:* ⟨MSC⟩

## K. EFFECT OF SECOR'S SIGNATURE

SECOR understands its Authorized Corporate Officer's signature on this Plea Agreement constitutes a binding offer by it to enter into this Plea Agreement. SECOR understands the United States has not accepted SECOR's offer until the authorized representative of the United States has signed this Plea Agreement.

## L. GENERAL UNDERSTANDINGS

SECOR understands a presentence investigation will be conducted and sentencing recommendations independent of the USAO will be made by the presentence preparer.

SECOR understands the United States and SECOR retain the right, notwithstanding any provision in this Plea Agreement, to inform the probation office and the Court of all facts, to address the Court with respect to the nature and seriousness of the offense and the offender, to respond to any questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, and to respond to any statements made to the Court.

SECOR willingly stipulates there is a sufficient factual basis for the Court to accept the plea.

SECOR understands this Plea Agreement does not apply to any crimes or charges not addressed in this Plea Agreement.

SECOR has not been coerced, threatened, or promised anything other than the terms of this Plea Agreement, described above, in exchange for its plea of guilty. SECOR understands its attorneys will be free to argue any mitigating factors on its behalf to the extent they are not inconsistent with the terms of this Plea Agreement. SECOR understands SECOR will have an opportunity to have a representative address the Court prior to sentence being imposed.

This writing is the complete and only agreement between the United States and SECOR concerning resolution of this matter.

The agreements and documents listed in this section set forth the entire understanding between the parties and constitute the complete agreement between the United States Attorney for the Western District of Virginia and SECOR and no other additional terms or agreements shall be entered except and unless those other terms or agreements are in writing and signed by the parties. These agreements supersede all prior understandings, promises, agreements, or conditions, if any, between the United States and

*Defendant's Initials:* 

SECOR. SECOR consents to public disclosure of all of the agreements and other documents referenced in this section.

SECOR has consulted with its attorneys and fully understands its rights. SECOR has read this Plea Agreement and carefully reviewed every part of it with its attorneys. SECOR understands this Plea Agreement and SECOR voluntarily agrees to it. Being aware of all of the possible consequences of its plea, SECOR has independently decided to enter this plea of its own free will and is affirming that agreement on this date by the signature of its Authorized Corporate Officer ("Officer") below.

The Officer, by signing below, hereby certifies to the following:

The Officer is fully authorized to enter into this Plea Agreement on behalf of SECOR;

The Officer has read the entire Plea Agreement and documents referenced herein and discussed them with SECOR's Board of Directors;

SECOR understands all the terms of this Plea Agreement and those terms correctly reflect the results of plea negotiations;

SECOR is fully satisfied with SECOR's attorneys' representation during all phases of this case;

SECOR is freely and voluntarily pleading guilty in this case;

SECOR is pleading guilty as set forth in this Plea Agreement because it is guilty of the crime to which it is entering its plea; and

SECOR understands it is waiving its right to appeal the judgment and conviction in this case.

SECOR acknowledges its acceptance of this Plea Agreement by the signature of its counsel and Officer. A copy of a certification by SECOR's Board of Directors authorizing the Officer to execute this Plea Agreement and all other documents to resolve this matter on behalf of SECOR is attached as **Attachment A**.

Date: 09.25.2023

_____
**Authorized Corporate Officer**
**SECOR, INC.**

*Defendant's Initials:* ___

Counsel has fully explained to the Board of Directors of SECOR the facts and circumstances of the case; all rights with respect to the offense charged in the Information; possible defenses to the offense charged in the Information; all rights with respect to the applicability of the Sentencing Guidelines; and the consequences of entering into this Plea Agreement and entering a guilty plea. Counsel has reviewed this entire Plea Agreement and documents referenced herein with the client, through its Officer. SECOR understands the terms and conditions of this Plea Agreement, and SECOR's decision to enter into this Plea Agreement is knowing and voluntary. SECOR's execution of and entry into the Plea Agreement is done with Counsel's consent.

Date: 9/25/2023

Danny Murphy, Esq.
Counsel for Defendant

Date: Oct. 9, 2023

Whitney D. Pierce
Assistant United States Attorney
Virginia Bar No. 82520

Defendant's Initials: MSC

# Attachment A

CONSENT AND RESOLUTION OF THE SOLE DIRECTOR OF
OF
SECOR, INC.

WHEREAS, the Board of Directors of SECOR, Inc., (the "Company"), has considered: (a) the discussions between the Company, through its legal counsel, and the United States Attorney's Office for the Western District of Virginia regarding its investigation into potential criminal violations related Title 18, United States Code, Sections 2, 1001(a)(2) and 1343 (the "Federal Investigation"); (b) a draft Information, expected to be filed in the U.S. District Court for the Western District of Virginia, charging Matthew Castle and the Company with violations of Title 18 United States Code, Sections 1001(a)(2) and 1343, attached as Exhibit A to this Resolution; and (c) a plea agreement, in the form attached hereto, pursuant to which Matthew Castle and the Company propose to settle the Federal Investigation in what is deemed a contingent plea agreement by both parties; and

WHEREAS, Matthew Castle is the sole officer and sole director of the Company.

NOW, THEREFORE, BE IT RESOLVED, that the Board of Directors of the Company believe that it is in the best commercial interests of the Company for the Company to enter into the Plea Agreement and to enter into the guilty plea referred to therein.

RESOLVED FURTHER that Matthew Castle, President and Director of the Company, is hereby individually authorized and directed on behalf of the Company to: (a) agree any amendment of the Draft Plea Agreement prior to execution; (b) agree the terms of, and sign on behalf of, the Company any related document; and (c) take any and all actions necessary or appropriate, and to approve the forms, terms and provisions of any agreement or other documents as may be necessary or appropriate, to carry out or give effect to the purpose and intent of these Resolutions (including signing and delivering any such agreement or document on behalf of the Company).

I, Matthew Castle, President and Director of SECOR, Inc., a corporation incorporated under the laws of the State of Virginia (though presently inactive), do hereby certify that the foregoing is a full, true and correct copy of a resolution of the Board of Directors of said corporation, duly and regularly passed or adopted by said Board of Directors as required by law and by the by-laws of said corporation, on September 26, 2023, that said resolution is still in full force and effect and has not been amended or revoked and that set forth below are specimen signatures of the officers authorized to sign for said corporation by virtue of the said resolutions.

IN WITNESS WHEREOF, I have signed as Director:

_____
Matthew S. Castle
President and Director of SECOR, INC.